1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

TERENCE RAYMOND JOHNSON,

CASE NO. C15-446 MJP

11

Plaintiff,

ORDER MODIFYING REPORT
AND RECOMMENDATION AND
DISMISSING CASE

12

v.

13

STATE OF WASHINGTON
DEPARTMENT OF LICENSING,

14

Defendant.

15

16

17

18

19

20

21

22

23

24

THIS MATTER comes before the Court on Plaintiff Terence Raymond Johnson's

Objections, (Dkt. No. 7), to the Report and Recommendation of the Honorable Brian A.

Tsuchida, United States Magistrate Judge.  (Dkt. No. 6.)  Having reviewed the Report and

Recommendation, Mr. Johnson's Objections, and all related papers, the Court MODIFIES the

Report and Recommendation for reasons stated in this order and DISMISSES this matter with

prejudice.

//

//

ORDER MODIFYING REPORT AND
RECOMMENDATION AND DISMISSING CASE-
1

**Background**

Mr. Johnson appears to have attempted to remove his administrative action pending before the Washington Department of Licensing ("DOL") to federal court by filing a notice of removal alleging he has been deprived of pre-hearing due process. (Dkt. No. 4.)  The Report and Recommendation ("R&R") summarizes Mr. Johnson's specific allegations.  (Dkt. No. 6.)  The Court does not repeat them here.

In the R&R, Judge Tsuchida recommended that the Court dismiss Mr. Johnson's complaint and remand this matter to the DOL for two reasons: (1) Mr. Johnson failed to exhaust his administrative remedies before filing his complaint in federal court; and (2) Mr. Johnson's case should not be heard under the Younger abstention doctrine.  (Id. at 2–3.)  In the objections, Mr. Johnson argues that the DOL issued its final decision suspending his license on April 11, 2015 and that he has, therefore, exhausted his administrative remedies.  (Dkt. No. 7 at 3.)

**Discussion/Analysis**

**A.  Legal Standard**

Under Federal Rule of Civil Procedure 72, the district judge must resolve de novo any part of the Magistrate Judge's R&R that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); See also 28 U.S.C. § 636(b)(1).

**B.  Mr. Johnson's Objection to the R&R**

Even if the DOL has issued its final order suspending Mr. Johnson's license, dismissal of this matter is still appropriate.  First, it appears that Mr. Johnson attempted to remove his proceeding before the DOL to this Court.  (Dkt. No. 4) ("Petition for Redress and Notice of Removal of the Above Encaptioned Action to the United States District Court Western District of Washington at Seattle").  If that is the case, removal is inappropriate because this Court does not have jurisdiction over Mr. Johnson's DOL matter.  The Court notes that Mr. Johnson

attempts to assert constitutional claims against the DOL in his notice of removal.  (Id.)  The Court advises Mr. Johnson that this form is improper.  Mr. Johnson cannot create federal question jurisdiction by asserting claims in a notice of removal, because federal question jurisdiction is determined by looking at the <u>complaint</u> at the time the removal petition is filed. <u>See</u> <u>Libhart v. Santa Monica Dairy Co.</u>, 592 F.2d 1062, 1065 (9th Cir. 1979).

Second, to the extent Mr. Johnson's notice of removal can be construed as a complaint dismissal is still appropriate because this Court cannot give Mr. Johnson the relief he is requesting.  In his objections to the R&R, Mr. Johnson requests that this Court require the DOL to "show cause, if any it has why it should not cancel, or not implement its void suspension, and if it wishes, conduct a hearing honoring my witness and discovery requests as required by law." (Dkt. No. 7 at 5.)  However, this Court does not have the authority to review the DOL's decision, because, as stated in the R&R, any appeal of the DOL's decision must be taken to a Washington state court.  (Dkt. No. 6 at 3) (citing RCW 46.29.040.)  The Court advises Mr. Johnson that to the extent he has remedies available to him, those remedies lie in state court.

In the R&R, Judge Tsuchida recommended that this Court remand Mr. Johnson's matter to the DOL.  (Id. at 4.)  However, because it appears that the DOL has issued its final order in Mr. Johnson's matter, the Court finds remand is no longer appropriate.  Instead, the Court DISMISSES this matter.  Because it appears amendment of Mr. Johnson's complaint would be futile, the dismissal is with prejudice.

## Conclusion

The Court MODIFIES the Report and Recommendation for reasons stated in this order and DISMISSES this matter with prejudice.

//

ORDER MODIFYING REPORT AND RECOMMENDATION AND DISMISSING CASE- 3

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated this 22nd day of June, 2015.

3

4    _____
     Marsha J. Pechman
5    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER MODIFYING REPORT AND
RECOMMENDATION AND DISMISSING CASE-
4